| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**<br>875 Third Avenue<br>New York, New York 10022<br>A. Mitchell Greene<br>*Attorneys for the Debtor and Debtor in Possession* | **HEARING DATE AND TIME:**<br>**May 29, 2014 at 10:00 a.m.** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:

**NY AFFORDABLE HOUSING ALBANY ASSOCIATES, LLC,**

                          Debtor.

----------------------------------------------------------X

    Chapter 11

    Case No:  13-20007 (RDD)

### DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO SOLICIT ACCEPTANCES WITH RESPECT TO ITS FILED PLAN OF REORGANIZATION AND FOR RELATED RELIEF

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

        **NY Affordable Housing Albany Associates, LLC,** the debtor and debtor in possession (the "Debtor"), by its attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") extending the time within which the Debtor has the exclusive right to solicit acceptances with respect to its filed Plan of Reorganization (the "Plan") for 90 days through and including August 4, 2014.  In support thereof, the Debtor states:

### JURISDICTION AND VENUE

        1.     Jurisdiction over this application is vested in the United States District Court for

this District pursuant to 28 U.S.C. § 1334.

2.    This motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3.    This is a core proceeding arising under title 11 of the United States Code.  See 28 U.S.C. § 157(b)(1).  The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

4.    Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

5.    The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 26, 2013 (the "Petition Date") with the Clerk of this Court.  Upon filing, possession of the Debtor's property, which consists of real property and improvements located at 3044 Albany Crescent, Bronx, New York (the "Property"),  was under the stewardship of a court-appointed receiver.

6.    On August 13, 2013, the Debtor filed a motion to compel the receiver, *inter alia,* to turn over the Property to the Debtor, which motion was unopposed by the receiver and MAN 402-12 LLC ("MAN"), and granted by this Court.  On September 5, 2013, the Court entered an order removing the receiver and to turn over the Debtor's Property back to the Debtor.  The Debtor has since continued in possession of its property and the operation and management of its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.    On the Petition Date, the Debtor filed its schedules of assets and liabilities, and

list of creditors and executory contracts (the "Schedules") required pursuant to Section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

8. The Debtor owns the Property, which is improved by an apartment building with thirty-six (36) residential units. The Debtor purchased the Property and has operated it since 2009. The Debtor believes that the Property is worth in excess of $3.5 million and that it has significant equity in the Property and seeks to utilize that equity to fund a plan of reorganization in this case, which it will use to pay a dividend to the unsecured creditors. However, if the Property were foreclosed upon, no distribution would be paid to creditors.

9. On October 19, 2013, this Court entered an Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Order"). The Bar Order requires, *inter alia*, all creditors of the Debtor to file proofs of claims with the Clerk of this Court no later than October 1, 2013 and January 22, 2014 for governmental units (together, the "Bar Date").

11. On February 10, 2014, this Court entered an order extending the Debtor's exclusive right to file a plan of reorganization to March 3, 2014 and the extending the Debtor's exclusive right to solicit acceptances with respect thereto to May 5, 2014.

10. On February 14, 2014, the Debtor filed its Plan of Reorganization (the "Plan") and accompanying Disclosure Statement (the "Disclosure Statement"), as well as an accompanying motion to seek approval of the Disclosure Statement, with a hearing set for March 27, 2014, which was then adjourned to April 17, 2014. Prior to the April 17 hearing, Man filed an objection to the Disclosure Statement. The Debtor also prepared a revised Disclosure Statement before the hearing, which incorporated comments from the office of the United Staets

{00673695.DOCX;1 }{00673695.DOCX;1 }

3

Trustee, and which the Debtor believed should have resolved Man's objection. However, Man's counsel was not prepared to review the revised Disclosure Statement prior to the hearing.

12. At the April 17 hearing, this Court, in an attempt to resolve the disputes between the Debtor, Man and other third parties, allowed Man to take discovery with respect to certain aspects of the Plan, with depositions to be scheduled in May. Upon completion of Man's discovery, the Debtor is hopeful that it will able to file its amended Plan and amended Disclosure Statement and proceed to confirmation.

## RELIEF REQUESTED

13. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtor has the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods"). Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

14. The Debtor's Exclusivity Period expired on March 3, 2014, however, the Debtor filed its Plan prior to the expiration of the Exclusivity Period. The Acceptance Period expires on May 5, 2014. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.")

(emphasis added).

15.    The Debtor is only seeking an extension of the Acceptance Period. The Debtor seeks the entry of an order extending the Acceptance Period for an additional 90 days to and including August 4, 2014; to ensure that this Court, the Debtor and other parties in interest are not distracted by the filing of any competing or premature plans, while they solicit acceptances on the Plan.

16.    The Debtor submits it should be granted the requested extensions of the Acceptance Period so that it will have sufficient time to confirm its Plan.

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

17.    The Debtor's Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

18.    The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc., 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. *See*, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); See also In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

19. Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

 (a) the size and complexity of the case;
 (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
 (c) the existence of good faith progress toward reorganization;
 (d) the fact that the debtor is paying its bills as they become due;
 (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
 (f) whether the debtor has made progress in negotiations with its creditors;
 (g) the amount of time which has elapsed in the case;
 (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
 (i) whether an unresolved contingency exists.

In re Adelphia 352 B.R. at 857.

20. This Court should be cognizant that the Debtor is only seeking to extend its Acceptance Period. The Debtor filed its Plan prior to the expiration of the Exclusive Period and seeks only to extend the Acceptance Period so that once a Disclosure Statement is approved by this Court, it may have enough time seek acceptances of the Plan. The Debtor is currently negotiating and engaging in discovery with Man, its primary secured creditor. The Debtor is optimistic that after such negotiations are conducted and the discovery is completed, the Disclosure Statement will be submitted for approval and the Debtor will be directed to solicit acceptances with respect to the Plan. However, the hearing for approval of the Disclosure Statement has been adjourned to May 29, 2014, a date which is currently beyond the Acceptance Period.

21. The Debtor believes that it is close to filing an amended Plan and Disclosure Statement. However, due to the timing of the expiration of the Acceptance Period, the Debtor is seeking only a modest extension of such time so that the already filed Plan and Disclosure

Statement may be amended and then submitted to this Court for approval, from which it may then solicit acceptances to the amended Plan.

24.     The Debtor submits that in light of the instant facts and circumstances and in order to provide the Debtor with sufficient time to negotiate with its creditors an acceptable Disclosure Statement, that good cause exists to extend the Acceptance Period. The Debtor believes that the requested extension will promote the orderly reorganization of the Debtor without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

25.     The Debtor has served this application on the Office of the United States Trustee, the holders of twenty largest unsecured claims, Man and its counsel, and all parties who have filed notices of appearance in this case. The Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

26.     No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(c)(3) and (d) of the Bankruptcy Code: extending the Debtor's right to solicit acceptances with respect to its Plan to and including **August 4, 2014**; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

**Dated:**  New York, New York
May 2, 2014

**ROBINSON BROG LEINWAND
 GREENE GENOVESE & GLUCK P.C.**
Attorneys for the Debtor
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.:  212-603-6300

By:   /s/ A. Mitchell Greene
         A. **Mitchell Greene**